# In the United States Court of Federal Claims

No. 19-141C

(Filed: September 10, 2019)

**NOT FOR PUBLICATION**

| | |
|---|---|
| STEVEN DEON TURNER, JR.,<br><br>      Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>      Defendant. | Motion to Dismiss, RCFC 12(b)(1); No Jurisdiction Over Prisoner's Civil Rights Claim, Due Process Claim, False Imprisonment Claim or Right to Parole Claim. |

Steven Deon Turner, Jr., Tehachapi, CA, pro se.

Daniel K. Greene, Trial Attorney, with whom were Joseph H. Hunt, Assistant Attorney General, Robert E. Kirschman, Jr., Director, Steven J. Gillingham, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant.

OPINION

CAMPBELL-SMITH, Judge.

    The court has before it defendant's fully-briefed motion to dismiss, which is brought pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims (RCFC). See ECF No. 6. In response to defendant's dispositive motion, plaintiff filed both a response brief, ECF No. 9, as well as a supplemental exhibit to that response titled "Affidavit of Truth," ECF No. 13. Defendant's reply brief, ECF No. 11, largely relies on the arguments made in defendant's opening brief. Id. at 1. For the reasons stated below, defendant's motion is **GRANTED**.

7012 3460 0001 7791 8705

I.   Factual Background[1]

Plaintiff Steven Deon Turner, Jr., who is incarcerated in a state prison in California, alleges violations of his civil rights and names as the defendants in this suit state and local officials in California, the State of California, Los Angeles County, and the United States. ECF No. 1 at 1-2, 4-6. Mr. Turner also alleges that he did not receive a sentence reduction and release on parole that he was due under California law. Id. at 8-11. Finally, Mr. Turner asserts that his right to due process has been violated, and that he has been subjected to false imprisonment. Id. at 10-13. According to the complaint, plaintiff's response brief and defendant's motion, this suit is one of many filed by Mr. Turner contesting various aspects of his incarceration. Id. at 1, 8; ECF No. 6 at 2 & nn.2-3; ECF No. 9 at 2. Two such suits have already been dismissed by this court. ECF No. 6 at 2.

II.   Standard of Review

   A.   Pro Se Litigants

The court acknowledges that Mr. Turner is proceeding pro se, and is "not expected to frame issues with the precision of a common law pleading." Roche v. U.S. Postal Serv., 828 F.2d 1555, 1558 (Fed. Cir. 1987). Pro se plaintiffs are entitled to a liberal construction of their pleadings. See Haines v. Kerner, 404 U.S. 519, 520 (1972) (requiring that allegations contained in a pro se complaint be held to "less stringent standards than formal pleadings drafted by lawyers"). Accordingly, the court has examined the complaint and plaintiff's response brief thoroughly to discern all of plaintiff's claims and legal arguments.

   B.   Motions Brought under RCFC 12(b)(1)

When reviewing a complaint to determine its jurisdiction over a plaintiff's claims, this court must presume all undisputed factual allegations to be true and construe all reasonable inferences in favor of the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), abrogated on other grounds by Harlow v. Fitzgerald, 457 U.S. 800 (1982); Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 747 (Fed. Cir. 1988) (citations omitted). However, plaintiff bears the burden of establishing subject matter jurisdiction, Alder Terrace, Inc. v. United States, 161 F.3d 1372, 1377 (Fed. Cir. 1998) (citing McNutt v. Gen. Motors Acceptance Corp. of Ind., 298 U.S. 178, 189 (1936)), and must do so by a preponderance of the evidence, Reynolds, 846 F.2d at 748 (citations omitted). If jurisdiction is found to be lacking, this court must dismiss the action. RCFC 12(h)(3).

---

[1]   The facts recited here are taken from the complaint. See ECF No. 1. The court makes no findings of fact in this opinion.

C.  Tucker Act Jurisdiction

The Tucker Act delineates this court's jurisdiction. 28 U.S.C. § 1491 (2012). That statute "confers jurisdiction upon the Court of Federal Claims over the specified categories of actions brought against the United States." Fisher v. United States, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc) (citations omitted). These include money damages claims against the federal government founded upon the Constitution, an act of Congress, a regulation promulgated by an executive department, any express or implied contract with the United States, or any claim for liquidated or unliquidated damages in cases not sounding in tort. Id. (citing 28 U.S.C. § 1491(a)(1)).

The Tucker Act concurrently "waives the Government's sovereign immunity for those actions." Id. The statute does not, however, create a substantive cause of action or right to recover money damages in the Court of Federal Claims. Id. "[T]o come within the jurisdictional reach and the [sovereign immunity] waiver of the Tucker Act, a plaintiff must identify a separate source of substantive law that creates the right to money damages." Id. (citations omitted).

In other words, the source underlying the cause of action must be money-mandating, in that it "'can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained.'" United States v. Testan, 424 U.S. 392, 400 (1976) (quoting Eastport S.S. Corp. v. United States, 372 F.2d 1002, 1009 (Ct. Cl. 1967) and citing Mosca v. United States, 417 F.2d 1382, 1386 (Ct. Cl. 1969)). If the provision relied upon is found to be money-mandating, the plaintiff need not rely upon a waiver of sovereign immunity beyond the Tucker Act. Huston v. United States, 956 F.2d 259, 261 (Fed. Cir. 1992) (citing United States v. Mitchell, 463 U.S. 206, 218 (1983)). If, on the other hand, no money-mandating source supports the cause of action, jurisdiction is lacking and this court must dismiss the action. See id. at 261-62 (affirming the dismissal of a claim where the statute relied upon by the plaintiff was not money-mandating).

III. Analysis

A.  Civil Rights Claim

Although the complaint is not perfectly clear as to the circumstances which are alleged to constitute violations of plaintiff's civil rights, it is evident that Mr. Turner relies on a number of civil rights guarantees, including 42 U.S.C. § 1983 (2012), for his civil rights claim. ECF No. 1 at 2, 9, 11-12. It is well-established, however, that § 1983 and similar civil rights guarantees are not money-mandating sources of law that provide jurisdiction for civil rights claims before this court. E.g., Hover v. United States, 113 Fed. Cl. 295, 296 (2013) (citations omitted), aff'd, 566 F. App'x 918 (Fed. Cir. 2014). In

other words, this court lacks the power to address any civil rights claims of prisoners in state prisons.

### B. Sentence Reduction and Parole Claim

Plaintiff relies on a California law that he refers to as "Proposition 57 now named the California Constitution Article 1, section 32" in support of his allegation that he has the right to a sentence reduction and release on parole. ECF No. 1 at 9; see also Cal. Const. art. I, § 32. Defendant notes two jurisdictional impediments to this claim. First, this court has no power over officers of the State of California, because the only proper defendant in this court is the United States. E.g., United States v. Sherwood, 312 U.S. 584, 588 (1941) (citations omitted). Second, no claims under state constitutions are cognizable in this court. E.g., Jordan v. United States, 128 Fed. Cl. 46, 52-53 (2016) (citations omitted). The court agrees with defendant that this court has no jurisdiction to hear plaintiff's sentence reduction and parole claim.

### C. Due Process Claim

Plaintiff relies on the Fifth and Fourteenth Amendments to the United States Constitution for his due process claim. ECF No. 1 at 12-13. The right to due process in these constitutional clauses, however, is not money-mandating so as to support jurisdiction under the Tucker Act. E.g., LeBlanc v. United States, 50 F.3d 1025, 1028 (Fed. Cir. 1995) (citations omitted). This court does not have jurisdiction to hear plaintiff's claim alleging the violation of these due process guarantees.

### D. False Imprisonment Claim

Finally, the court turns to plaintiff's claim that he is the victim of false imprisonment and is therefore owed damages. ECF No. 1 at 13. As defendant notes, false imprisonment is a tort and torts are excluded from the jurisdictional ambit of the Tucker Act. ECF No. 6 at 5 (citing 28 U.S.C. § 1491(a)(1); Jackson v. United States, 612 F. App'x 997, 998 (Fed. Cir. 2015)); see also Quillin v. United States, 228 Ct. Cl. 727, 727-28 (1981) ("Any claim of false imprisonment sounds in tort and is beyond this court's jurisdiction." (citing Somali Dev. Corp. v. United States, 508 F.2d 817 (Ct. Cl. 1974))). This court has no jurisdiction over plaintiff's false imprisonment claim.

## IV. Conclusion

Because no jurisdiction lies in this court for plaintiff's claims, dismissal of this suit is required by RCFC 12(h)(3).[2] Plaintiff's pending motion for prospective relief, currently stayed, must therefore be denied. Accordingly,

---

[2] The court has considered whether Mr. Turner's claims should be transferred to another federal court. See 28 U.S.C. § 1631 (2012). Transfer is not in the interest of

(1) Defendant's motion to dismiss, ECF No. 6, filed February 12, 2019, is **GRANTED**;

(2) Plaintiff's motion for prospective relief, ECF No. 4, is **DENIED** as moot; and

(3) The clerk's office is directed to **ENTER** final judgment for defendant, **DISMISSING** plaintiff's complaint, without prejudice.

IT IS SO ORDERED.

_____
PATRICIA E. CAMPBELL-SMITH
Judge

---

justice because Mr. Turner has already commenced a number of lawsuits in federal district courts in California challenging various aspects of his incarceration. ECF No. 6 at 2 & nn.2-3; see also, e.g., Turner v. Sullivan, No. 1:17-cv-01737-AWI-JDP, 2019 WL 2566971 (E.D. Cal. June 21, 2019).